UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENOR JEAN-FRANCOIS, | Civil Action No. 26-0522 (SDW) |
| Petitioner, | |
| v. | OPINION |
| LUIS SOTO, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Genor Jean-Francois, formerly detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Respondents Delaney Hall Warden Luis Soto, Immigration and Customs Enforcement (ICE) Director Todd M. Lyons, Department of Homeland Security ("DHS") Secretary Kristi Noem, and Attorney General Pam Bondi assert the Petition is moot and should be dismissed. (ECF No. 5).

3. Petitioner is a citizen of Haiti. (ECF No. 1 ¶ 25). On August 31, 2016, he entered the United States on a K-1 visa after inspection and admission. (*Id.*)

4. DHS issued a Notice to Appear ("Notice") in removal proceedings on November 25, 2025. (ECF No. 1 at 19). The Notice alleged that Petitioner failed to maintain his status because the United States Citizenship and Immigration Service ("USCIS") denied his application on June 17, 2024. (*Id.*) Petitioner was charged with removability pursuant to Immigration and

Nationality Act ("INA") § 237(a)(1)(C)(i) for failing to comply with the terms of his admission. (*Id.*); *see also* 8 U.S.C. § 1227(a)(1)(C)(i).  He was detained in Delaney Hall.  (ECF No. 1 ¶ 5).

5.	At the calendar hearing on December 22, 2025, Petitioner submitted evidence that he had been granted Temporary Protected Status ("TPS") as a citizen of Haiti on February 4, 2023. (*Id.* ¶¶ 27-28).  The immigration judge refused to release Petitioner and stated that he could request a bond hearing.  (*Id.* ¶ 29).

6.	Petitioner filed the Petition on January 16, 2026 asking this Court to order his release "on reasonable conditions of supervision if necessary." (*Id.* at 16).

7.	On January 26, 2026, Respondents submitted a letter indicating that Petitioner had been released from custody on January 22, 2026 "under the same condition of release that existed prior to his detention." (ECF No. 5).  They ask this Court to dismiss the Petition as moot.  (*Id.*)

8.	Petitioner filed a letter on January 27, 2026 disputing Respondents' claims.  (ECF No. 6).  Petitioner argues the Petition is not moot because he is required to report to ICE on February 18, 2026.  (*Id.* at 1).  He argues any reporting requirements are invalid because he was wrongfully detained in the first place.  (*Id.*)  He asks the Court to keep the Petition open pending the outcome of his February 18, 2026 meeting with ICE.  (*Id.* at 2).

9.	Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10.	Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition.  Therefore, this Court has habeas jurisdiction

2

over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. Respondents do not dispute that Petitioner currently has valid TPS designation. (*See generally* ECF No. 5). "The TPS program 'provides humanitarian relief to foreign nationals in the United States who come from specified countries.'" *Echeverria v. Janecka*, No. 1:25-cv-01832, 2026 WL 44896, at *1 (E.D. Cal. Jan. 7, 2026) (quoting *Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021)). DHS "'may designate a country for the program when it is beset by especially bad or dangerous conditions, such as arise from natural disasters or armed conflicts. The country's citizens, if already present in the United States, may then obtain TPS." *Sanchez*, 593 U.S. at 412. "That status, once granted, provides a noncitizen with certain benefits 'for as long as the TPS designation lasts.' Those benefits include a statutory prohibition on the noncitizen's removal and detention." *Echeverria*, 2026 WL 44896, at *1 (quoting *Sanchez*, 593 U.S. at 412); *see also* 8 U.S.C. §§ 1254a(a)(1), (d)(4) (stating that a noncitizen "provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the alien's immigration status in the United States" (emphasis added)).

12. The statute is clear: DHS may not detain Petitioner because of his immigration status for the duration of his TPS designation. Haiti's TPS designation is presently valid until 11:59 p.m. on February 3, 2026,[1] so this Court will grant the Petition to the extent that Respondents will be prohibited from detaining Petitioner through 11:59 p.m. on February 3, 2026.

13. This Court cannot grant further relief, however. Although Respondents may not detain or remove Petitioner while his TPS designation is valid, removal proceedings may continue

---

[1] *See* Termination of the Designation of Haiti for Temporary Protected Status, 90 Fed. Reg. 54733-01, 54739 (Nov. 28, 2025).

and a noncitizen "may even be ordered removed while under TPS, though the order remains inexecutable so long as the [noncitizen] remains a TPS beneficiary." *Duarte v. Mayorkas*, 27 F.4th 1044, 1053-54 (5th Cir. 2022) (citing *Dhakal v. Sessions*, 895 F.3d 532, 537 n.8 (7th Cir. 2018); *Matter of Sosa Ventura*, 25 I. & N. Dec. 391, 393 (BIA 2010)). This Court lacks jurisdiction "to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

14. Petitioner has been released from custody, and this Court will prohibit Respondents from detaining him through 11:59 p.m. on February 3, 2026. There is no further relief that this Court may grant pursuant to § 2241 because this Court does not have the authority to order Respondents to stop removal proceedings.

15. Therefore, the Petition is otherwise moot and will be dismissed. Any restrictions imposed on Petitioner's location by this Court are lifted.

16. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: January 29, 2026